[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven at New Haven. The plaintiff whose maiden name was Joanne Geraci, and the defendant were married on October 23, 1975 at East Haven, Connecticut. The plaintiff has resided for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There is one child issue of the marriage, Joseph Gambardella, born July 30, 1984. No other children have been born to the plaintiff wife since the date of the marriage. Neither party is currently a recipient of state assistance.
The plaintiff is fifty four years of age and is currently employed at ACES as a teacher and driver. She has worked there CT Page 12461 full time for four years and is earning approximately $15,000.00 gross annually. She previously worked at the telephone company for thirty two years. She retired in 1994 where her highest salary was $60,000.00. She is receiving a retirement benefit of $20,800.00 gross annually. Her combined net income is approximately $24,640.00 annually.
The plaintiff was diagnosed with graves disease three years ago. She has been on daily medication since 1996 and is still under doctor's care. During the past year her illness has not interfered with her work.
The defendant is a self-employed fisherman. He started his lobster business in 1994. The plaintiff wife contributed $30,000.00 which came from her severance package and stocks she cashed in. She also assisted in making lunches and cleaning clothes for the crew. The defendant's season is between February and May and he has two employees. In 1997 his gross earnings were $105,103.00. His net earnings were approximately $40,000.00 annually. The business is valued at $143,000.00 by Mr. Wells, CPA. Previously he worked sporadically. He worked on and off in construction. Many years he did not earn any income and the plaintiff was the main supporter of the family. Sometime during the course of the marriage he received a worker's compensation settlement of $40,000.00. These funds were used for the benefit of the household. The defendant appears to be in good health.
At the time of the marriage, the parties lived in a home owned by the plaintiff. That home was sold two years later with the net proceeds of $13,000.00 used towards the down payment on the marital home. The plaintiff borrowed an additional $4,000.00 from her credit union. These funds were also used towards the purchase of the marital home. The defendant did not bring any assets to the marriage.
The defendant is at fault for the breakdown of the marriage. The plaintiff was diagnosed with graves disease three years ago. At the time when his wife needed him the most the defendant chose not to believe the diagnosis and became involved in an extra marital affair. The defendant admitted that this affair has been on and off for three yeas and is currently on. The defendant bought a horse for $700.00 as a gift for the woman he was involved with and he has been paying for the maintenance of the horse. Those funds were not available to this household. The defendant has also entertained this woman in the marital CT Page 12462 residence while his wife was at work.
The parties attempted a reconciliation between July 30, 1997 and August 1, 1997. During this period the plaintiff wife signed a note for a second mortgage on the marital residence for $50,000.00. Those funds were used for a new boat and equipment for the defendant's business. By October 1997, the defendant had resumed his extra marital affair. In February 1998 he moved out of the marital home. The parties have been living apart since then.
On July 27, 1998 pendente lite orders were entered for child support and alimony. The defendant has agreed that he is in arrears in the amount of $5,700.00.
The following assets are considered for distribution:
1. The lobster business valued at $143,000.00.
2. A gun collection and associated memorabilia valued at $22,000.00.
3. Two horses valued at $5,000.00.
4. A 1992 Ford pickup valued at $7,000.00.
5. A 1989 Honda Civic valued at $3,800.00.
6. Jewelry valued at $6,000.00.
 7. The marital residence valued at $180,000.00 with two mortgages in the amount of $108,512.00. [$50,000.00 used for the defendant's business and $58,512.00 used towards the properties in Vermont]. The equity in the home is $71,488.00.
 8. Vacation property located on Wiswoll Road, Townsend, Vermont. The property is valued at $73,000.00 with no mortgage and equity of $73,000.00.
 9. Fifty percent of the vacation property located at State Park Road, Townsend, Vermont. The property is valued at $62,000.00 with no mortgage and equity of $62,000.00. Fifty percent of the equity is for distribution. [$31,000.00]
 10. A time share located in Lee, Massachusetts valued at CT Page 12463 $6,000.00. The time share was purchased for $4,000.00. The equity is $2,000.00. This was purchased two years ago. The defendant has never been there and the plaintiff has been responsible for all costs.
The court having considered all the evidence and C.G.S. §46b-56 as to custody, C.G.S. § 46b-84 as to child support, C.G.S. § 46b-82 as to alimony, C.G.S. § 46b-81 as to property division and C.G.S. § 46b-62 as to attorney's fees, the court enters the following orders:
A. BY WAY OF DISSOLUTION
The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF CUSTODY
There shall be joint legal custody with primary residence with the plaintiff and reasonable visitation to the defendant.
C. BY WAY OF SUPPORT.
1. The defendant shall pay child support in the amount of $150.00 per week, paid in advance, in accordance with the child support guidelines.
2. The plaintiff shall provide medicare insurance as available through her employer for the benefit of the minor child. All uninsured and unreimbursed expenses, including orthodonture shall be divided equally between the plaintiff and the defendant.
3. The defendant shall maintain life insurance with the minor child as beneficiary in an amount no less than $100,000.00 and a cost of no more than $1,500.00 per year for as long as there is a child support obligation.
D. BY WAY OF ALIMONY
1. The defendant shall pay periodic alimony to the plaintiff in the amount of $250.00 per week, paid advance.
2. The alimony payments will terminate upon the earliest of the following: 1) death of either party or 2) remarriage of CT Page 12464 the plaintiff.
3. Alimony is modifiable in accordance with C.G.S. §46b-86 (a) and (b).
E. BY WAY OF PROPERTY DISTRIBUTION
1. (a) The marital residence located at 124 Summit Drive, North Branford, Connecticut is awarded to the plaintiff. The defendant shall convey all of his right title and interest in property within twenty days of the dissolution.
(b) Thereafter the plaintiff shall be responsible for payment of the first mortgage, the second mortgage of $58,512.00 [used towards the property in Vermont], taxes and homeowner's insurance on the property and shall hold the defendant harmless on the same.
(c) The defendant shall pay the second mortgage of $50,000.00 [used towards his boat and equipment for his business] and hold the plaintiff harmless on the same.
(d) The defendant shall remove the marital residence in North Branford as security for the second mortgage of $50,000.00 within three years of the date of dissolution.
2. The vacation property located at Wiswoll Hill Road, Townsend, Vermont is awarded to the plaintiff. The defendant shall convey all of his right, title and interest in that property within twenty days of the dissolution and the plaintiff shall be responsible for all related costs to the property and hold the plaintiff harmless as to same.
3. The Vermont property located at State Park Road, Townsend, Vermont is awarded to the defendant. The plaintiff shall convey all of her right, title and interest it in that property within twenty days of the dissolution. The defendant shall be responsible for all related costs to the property and hold the plaintiff harmless of the same.
4. The time share located in Lee Massachusetts is awarded to the plaintiff. The defendant shall convey all of his right, title and interest in that property within twenty days of the dissolution. The plaintiff shall be responsible for all related costs and hold the plaintiff harmless as to same. CT Page 12465
5. The defendant shall retain all interest in the lobster business including all assets related thereto. The plaintiff has no claim to that business.
6. The defendant shall retain all interest in the weapon's collection and all memorabilia associated with it. The plaintiff has no claim to that collection.
7. The defendant is awarded the two horses. The plaintiff has no claim to either horse.
8. The 1992 Ford Pickup is awarded to the defendant.
9. The 1989 Honda Civic is awarded to the plaintiff.
10. All jewelry listed on the plaintiff's financial affidavit, dated May 12, 1999, is awarded to the plaintiff.
11. All other assets listed on the plaintiffs financial affidavit are awarded to her.
F. BY WAY OF LIABILITIES
1. The defendant is responsible for all liabilities listed on his financial affidavit dated May 11, 1999: Visa in the amount of $300.00, Internal Revenue Services in the amount of $36,000.00, State of Connecticut in the amount of $1,300.00 and personal loans in the amount of $10,000.00.
2. The plaintiff shall be responsible for payments of the debts to Dr. Lee in the amount of $1,067.00 and the telephone credit union in the amount of $3,951 .00.
3. The following liabilities are divided equally between the plaintiff and the defendant: Chase Bank Visa in the amount of $3,110.00; ATT Universal Card in the amount of $6,384.00; Household Visa in the amount of $2,706.00; Fleet Bank Mastercard in the amount of $1,549.00 and First Union Mastercard in the amount of $1,458.00. These accounts were used for the benefit of the household.
G. BY WAY OF ATTORNEY'S FEES
The defendant shall contribute the sum of $2,500.00 CT Page 12466 towards the plaintiff's legal fees.
H. BY WAY OF EXEMPTIONS
The plaintiff shall claim the child as an exemption on her Federal and State income tax returns.
I. MISCELLANEOUS ORDERS
1. The plaintiff shall pay the arrearage of $5,700.00 within ninety days of the date of dissolution.
2. The parties are to exchange copies of their Federal and State tax returns by certified mail and return receipt within twenty days after such returns have been filed for as long as there is any outstanding alimony and/or child support order or any outstanding arrearage from such order.
3. Counsel for the plaintiff shall prepare the judgment within thirty days and file with the clerk of the court.
J. L. Crawford, Judge